UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES TAYLOR,

                       Petitioner,                        Case No. 1:16-cv-272

v.                                                 Honorable Janet T. Neff

TONY TRIERWEILER,

                       Respondent.
_____/


## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.     Factual Allegations

Petitioner Charles Taylor presently is incarcerated at the Bellamy Creek Correctional Facility.  Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of second-degree murder, MICH. COMP. LAWS § 750.317.  On April 4, 2013, Petitioner was sentenced as a fourth-offense felony offender, MICH. COMP. LAWS § 769.12, to a prison term of 50 to 75 years.

Petitioner appealed his conviction to the Michigan Court of Appeals, raising a single issue:  the evidence was insufficient to prove Petitioner's guilt beyond a reasonable doubt.  In an unpublished opinion issued on August 19, 2014, the Michigan Court of Appeals affirmed Petitioner's conviction.  Petitioner sought leave to appeal to the Michigan Supreme Court, which was denied on March 31, 2015.  Petitioner attempted to file a motion for reconsideration on April 20, 2015, which was received by the court on April 27, 2015.  In his motion for reconsideration, Petitioner again challenged the sufficiency of the evidence, but also challenged the effectiveness of counsel and the validity of the arrest warrant.  The motion was rejected by the Michigan Supreme Court on April 28, 2015, because it was untimely.  (ECF No. 1-1, PageID.50-51.)

Petitioner subsequently filed a series of motions in the Wayne County Circuit Court on November 16, 2015, January 4, 2016, and January 7, 2016, seeking, respectively, a hearing on the effectiveness of trial counsel, resentencing, and a hearing on the validity of the arrest warrant.  Those motions have not yet been addressed by the circuit court.  On February 26, 2016, Petitioner filed a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.*, raising a variety of issues concerning the validity of the arrest warrant and the effectiveness of counsel.  The motion for relief from judgment also has not been addressed by the trial court.

-2-

Petitioner filed the instant habeas petition on or about March 9, 2016,[1] raising three issues:  (1) his arrest was invalid and counsel was ineffective in failing to investigate and challenge it; (2) the felony complaint was invalid and Petitioner was entitled to an evidentiary hearing on the effectiveness of counsel in failing to challenge it; and (3) the evidence was insufficient to support the conclusion that Petitioner was the murderer.

II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his application on March 9, 2016, and it was received by the Court on March 15, 2016.  Thus, it must have been handed to prison officials for mailing at some time between March 9 and 15, 2016.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

*sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). According to the habeas application and supporting documents, Petitioner has fully exhausted his claim that the evidence was insufficient to support his conviction by raising his claims in both the Michigan Court of Appeals and the Michigan Supreme Court. The remaining issues, however, were raised for the first time in Petitioner's application for leave to appeal to the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issues were not reviewed by that court. In addition, those issues have been raised again and remain pending before the Wayne County Circuit Court on Petitioner's four collateral motions.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. Under Michigan law effective August 1, 1995, a defendant may file one motion for relief from

-4-

judgment pursuant to MICH. CT. R. 6.500 *et seq.* *See* MICH. CT. R. 6.502(G)(1). Petitioner has filed

his one allotted motion, but the circuit court has not yet ruled on that motion. Therefore, this Court

concludes that he has at least one available state remedy. In order to properly exhaust his claims,

Petitioner must await decision on his pending motion for relief from judgment and other pending

motions. If those motions are denied by the circuit court, Petitioner must appeal the circuit court's

decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S.

at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his

petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to

dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to

exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of

limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often

effectively precludes future federal habeas review. This is particularly true after the Supreme Court

ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled

during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-

abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th

Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could

jeopardize the timeliness of a subsequent petition, the district court should dismiss only the

unexhausted claims and stay further proceedings on the remaining portion until the petitioner has

exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007)

(approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in

28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on March 31, 2015.[2] Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on June 30, 2015. Accordingly, absent tolling, Petitioner would have one year, or until June 30, 2016, in which to file his habeas petition.

The *Palmer* court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). Petitioner has more than sixty days remaining in his limitations period.[3] Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the

---

[2]Although Petitioner attempted to file a motion for reconsideration in the Michigan Supreme Court, that motion was rejected by the court as untimely. As a consequence, the March 31, 2015 decision of the Michigan Supreme Court represents that court's final decision.

[3]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because Petitioner already filed his motions for collateral relief on November 15, 2015, January 4, 2016, January 7, 2016, and February 26, 2016, he does not require 30 days in which to file his motion for relief from judgment, as his period of limitations already is tolled. He therefore requires only 30 days after the final decision of the Michigan Supreme Court in which to return to this Court. Depending on which collateral motions are deemed "properly filed" by the Michigan courts, Petitioner has at least 105 days and as many as 226 days remaining in his period of limitations.

state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, this Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  April 7, 2016                              /s/ Janet T. Neff
                                                   Janet T. Neff
                                                   United States District Judge